## WILLIAM DAUGHERTY *v.* GABE WEITZEL, ET AL.

**Promissory Note—Collection by Bank.**

> Where the owner indorses a note to the bank for collection against the maker, and pursuant to an agreement between the maker and another, it is paid by such other person, who receives it from the bank to hold it and the vendor's lien to secure him for advancing the money, the holder cannot question the authority of the bank to turn the note over to the person advancing the money. He cannot hold the money he receives from the bank and complain that the bank had no such authority. He must either return the money or satisfy the implied agreement of the bank that the person satisfying such note shall hold it as assignee.

### APPEAL FROM THE FRANKLIN CIRCUIT COURT.

#### February 14, 1877.

OPINION BY JUDGE LINDSAY:

Weitzel placed the note in The Farmers' Bank for collection, having first written his name across the back of it. The agreement between Shackelford and Daugherty was that the latter should pay to the bank the balance due on the note and take it up, and hold it and the vendor's lien as a security for the money advanced. This fact was made known to the officer of the bank to whom Daugherty made the payment, and he without objection passed the uncancelled note to Daugherty.

The appellees claim that this action upon the part of the bank passed no title to Daugherty; that it held the note for collection, and had no authority to pass the title to a stranger, even with the consent of the payee. This may be true, but the question is whether Weitzel can keep the money thus obtained by his agent, and at the same time repudiate its act of allowing Daugherty to receive the note under the impression that he was taking it as the assignee of the payee whose name was written across the back of it. Weitzel must either return the money paid to his agent under the circumstances detailed by Daugherty and uncontradicted by any witness, or else he must satisfy the implied agreement of his said agent that Daugherty shall hold the note as assignee.

The judgment dismissing Daugherty's petition is *reversed* and the same remanded for further proper proceedings not inconsistent with this opinion.

*T. B. Ford, for appellant.*

*W. L. Jett and D. W. Lindsay, for appellees.*